UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Clinton Delaney, | Civ. No. 23-1942 (PAM/DTS) |
| Petitioner, | |
| v. | MEMORANDUM AND ORDER |
| Jesse Pugh, Warden, | |
| Respondent. | |

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge David T. Schultz dated April 23, 2024. (Docket No. 23.) The R&R recommends that Petitioner Clinton Delaney's Petition for habeas-corpus relief be dismissed and no certificate of appealability be granted. Delaney timely filed an objection to the R&R. (Docket No. 24.)

This Court must review de novo any portion of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. L.R. 72.2(b). After conducting the required review and for the following reasons, the Court adopts the R&R.

The R&R thoroughly recounted the factual and procedural history of this matter, and that history will not be repeated here. In brief, a Minnesota state-court jury convicted Delaney of second-degree murder in the shooting death of A.J., a woman who was pregnant with Delaney's child. Delaney is now serving a 480-month term of imprisonment. The Minnesota Court of Appeals affirmed Delaney's conviction, State v. Delaney, No. A21-1737, 2022 WL 17748213 (Minn. Ct. App. Dec. 19, 2022), and the Minnesota Supreme

Court denied review. Delaney did not pursue a postconviction challenge in state court, but timely filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254.

The Petition raises two challenges to Delaney's state-court conviction, both of which were also raised in the direct appeal from his conviction. First, Delaney challenges the admission of cell-phone location data during the trial. Second, Delaney contends that comments the prosecutor made in opening statements and closing arguments deprived him of the presumption of innocence. Respondent moved to dismiss the Petition, arguing that Delaney had not exhausted either of his federal claims and in the alternative that the claims lacked substantive merit. Delaney opposed the motion and asked for a stay to allow him to exhaust his postconviction remedies in state court.

The R&R found that Delaney's challenge to the admission of evidence was procedurally defaulted because Delaney could have, but did not, raise any federal basis for his arguments in state court. (R&R at 9 (citing, inter alia, State v. Knaffla, 243 N.W.2d 737, 741 (Minn. 1976)).) Because Delaney did not demonstrate cause and prejudice to excuse the default, the R&R declined to review the merits of the claim. And, because state law would bar Delaney from raising the claims in a petition for postconviction relief, the R&R recommended denial as futile Delaney's motion to stay so that he could exhaust his state postconviction remedies.

The R&R determined that Delaney had sufficiently presented a federal basis for his presumption-of-innocence challenge and considered that claim on the merits. But the standard for federal habeas relief based on allegedly improper comments to the jury is high: Delaney must demonstrate that, "absent the alleged impropriety the verdict probably would

2

have been different." (R&R at 11 (quoting Anderson v. Goeke, 44 F.3d 675, 679 (8th Cir. 1995)).)  The Minnesota Court of Appeals addressed the relevant factors in evaluating the merits of Delaney's claim, finding that the trial court's numerous curative instructions, the amount of evidence of Delaney's guilt weighed against the two statements at issue, and any cumulative effects of the allegedly improper comments did not establish that the comments had any prejudicial effect on the verdict.  The R&R concluded that this determination was reasonable under both clearly established federal law and the evidence presented in Delaney's trial  See 28 U.S.C. § 2254(d) (providing that a writ of habeas corpus "shall not be granted . . . unless" the state-court rulings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented").

Delaney's objections (Docket No. 24) do not address his first claim regarding the admission of cell-phone location data.  Review of the R&R's determination of this issue is therefore only for clear error.  See Grinder v. Gammon, 73 F.3d 793, 795 (8th Cir. 1996) (noting that district court need only review un-objected-to R&R for clear error).  Even had Delaney objected, however, the R&R's resolution of this issue was correct.  Delaney did not exhaust the federal basis for this claim, and his failure to do so results in a procedural bar.  And because Delaney is precluded from raising the claim in a state postconviction proceeding, a stay of this matter is not warranted.

Delaney's objections focus on his claim that the prosecutor's statements deprived him of the presumption of innocence.  Delaney insists that an evidentiary hearing is

3

necessary on this claim, arguing that failing to hold such a hearing would deprive him of due process. But although the statute instructs the Court to hold an evidentiary hearing unless the motion and the case records "conclusively show" that Delaney is not entitled to relief, 28 U.S.C. § 2255, that standard is met here. The state court's resolution of Delaney's presumption-of-innocence claim is plainly not contrary to, or an unreasonable application of, federal law, nor is it unreasonable in light of the facts adduced at trial. No evidentiary hearing is required.

Delaney's reliance on Taylor v. Kentucky, 426 U.S. 478 (1978), as analogous to his claim is misplaced. In Taylor, the trial court refused to instruct the jury on the presumption of innocence. Id. at 481. Here, the trial court repeatedly reminded the jury that they were to presume Delaney innocent of the charges against him. See Delaney, 2022 WL 17748213, at *5 (noting three separate instructions to the jury on the presumption of innocence, one of which came immediately after an allegedly improper remark in closing arguments). As the R&R correctly determined, Delaney's claim of constitutional error in the state-court's decisions in this matter fails.

The R&R thus correctly recommended dismissal of the Petition. Because no reasonable minds could differ as to this conclusion, the R&R likewise correctly determined that no certificate of appealability should issue. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

Accordingly, **IT IS HEREBY ORDERED that**:

1.   The R&R (Docket No. 23) is **ADOPTED**;

2.   Respondent's Motion to Dismiss (Docket No. 13) is **GRANTED**;

4

3. The Petition (Docket No. 1) is **DISMISSED** with prejudice;

4. The Motion to Compel Judgment (Docket No. 7) and Motion to Stay (Docket No. 19) are **DENIED**; and

5. No Certificate of Appealability will issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   May 15, 2024                         *s/Paul A. Magnuson*
                                              Paul A. Magnuson
                                              United States District Court Judge